IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DENNIS E. POWELL,**

    **Plaintiff,**

    v.                                              CASE NO. 24-3241-JWL

**CENTURION HEALTHCARE
SERVICES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis. At the time of filing, Plaintiff was incarcerated at the Winfield Correctional Facility in Winfield, Kansas. Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, his claims are based on medical care he received during his incarceration at the Norton Correctional Facility in Norton, Kansas. On February 21, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 10) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted the opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 12) and Motion to Appoint ADA Counsel (Doc. 13). The Court's screening standards and the underlying facts are set forth in detail in the MOSC.

Plaintiff's claims are based on the medical care he received while incarcerated. Plaintiff claims that a substitution to his medication caused his ulcerative colitis to progress into a life-threatening injury. The Court found in the MOSC that Plaintiff indicated in his Complaint that he is bringing this action "only under Title II of the A.D.A." (Doc. 5, at 1.) Plaintiff stated that

1

the Court "should screen Plaintiff's complaint as being brought 'only under Title II of the A.D.A.' /with § 1983 as 'avenue-in-only'."[1] *Id*. at 2.  Plaintiff invoked 42 U.S.C. § 12202. *Id*.

The Court explained in the MOSC why Plaintiff does not have a claim under the ADA, and ordered Plaintiff to show good cause why his ADA claim should not be dismissed based on the Tenth Circuit's reasoning in *Sullivan*. *See Sullivan v. Univ. of Kansas Hospital Auth.*, 844 F. App'x 43, 48–49 (10th Cir. 2021) (unpublished).  The Court also found in the MOSC that: Plaintiff has neither made a specific claim against the KDOC, nor shown any waiver of immunity from suit or capacity to be sued; to the extent Plaintiff raises a claim against Centurion under § 1983 in his amended complaint, he must demonstrate the requisite custom or policy;  and even if Plaintiff names the Chronic Care PA in his amended complaint, he must show that the PA was deliberately indifferent to his serious medical needs to state a claim under § 1983.

Plaintiff has failed to cure any of the deficiencies in his Amended Complaint.  Despite the Court's ruling in the MOSC, he continues to claim he is only bringing his claim under the ADA.[2] The sole count in his Amended Complaint provides that it is "[b]ased solely on 42 U.S.C. § 12132 A.D.A. violations."  Doc. 12, ,at 3; *see also* Doc. 12–2, at 1 ("Complaint should be screened as being brought only under Title II of the A.D.A.").

The Court found in the MOSC that:

> Plaintiff states that he is only bringing his claim under Title II of the Americans with Disabilities Act ("ADA").  The ADA prohibits discrimination by government entities on the basis of disability.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

---

[1] The Court noted in the MOSC that Plaintiff makes alterations to the Court-approved form for filing a § 1983 action, and that Plaintiff's statement that he is using § 1983 as "avenue-in-only" is unclear.

[2] The Court provided Plaintiff with the Court-approved form for filing a § 1983 action.  Once again, Plaintiff has altered the form to provide that he is bringing his claims pursuant to "(§ 1983) §§§ 12101; 12132; 12202; and 29 U.S.C. § 794 Sec. 504." (Doc. 12, at 1.)  He states that "[j]urisdiction is invoked pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12132 (A.D.A.)." *Id*. at 2.

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. State prisons are within Title II's definition of "public entities." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998). Moreover, "[m]odern prisons provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,'" and "[t]he text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Williams v. Colo. Dep't of Corr.*, 2022 WL 3681255, at *3 (10th Cir. 2022) (quoting *Yeskey*, 524 U.S. at 210).

"To state a claim under Title II of the ADA, a plaintiff must allege: (1) he is 'a qualified individual with a disability'; (2) he 'was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity'; and (3) 'such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.'" *Crane*, 15 F.4th at 1312 (*quoting J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016)). The inability to prove any one of these elements precludes an ADA claim. *Id*. "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295.

The Supreme Court has held that "medical care" is one of the "services, programs, or activities" covered by the ADA. *See United States v. Georgia*, 546 U.S. 151, 126 S. Ct. 877, 881 (2006) (stating that the "deliberate refusal of prison officials to accommodate [the plaintiff's] disability-related needs in such fundamentals as . . . medical care . . . constituted 'exclu[sion] from participation in or . . . den[ial of] the benefits of' the prison's 'services, programs, or activities' " (quoting 42 U.S.C. § 12132)). "However, courts have differentiated ADA claims based on negligent medical care from those based on discriminatory medical care." *Kiman v. New Hampshire Dep't of Corr.*, 451 F.3d 274, 284 (1st Cir. 2006) (citations omitted).

In *Sullivan*, the Tenth Circuit affirmed the district court's finding that the plaintiff could not premise his ADA claim on the denial of treatment because he would not be "otherwise qualified" for treatment absent his medical condition. *Sullivan v. Univ. of Kansas Hospital Auth.*, 844 F. App'x 43, 48 (10th Cir. 2021) (unpublished). The Tenth Circuit stated that:

> As we explained in *Johnson ex rel. Johnson v. Thompson*, 971 F.2d 1487, 1493 (10th Cir. 1992), when a plaintiff claims disability discrimination based on the failure to receive treatment for a

3

> medical condition, "[s]uch a plaintiff must prove that he or she was discriminatorily denied medical treatment because of [a medical condition] and, at the same time, must prove that, in spite of the [medical condition], he or she was 'otherwise qualified' to receive the denied medical treatment." This presents a dichotomy, however, because "if such a person were not so handicapped, he or she would not need the medical treatment and thus would not 'otherwise qualify' for treatment." *Id.*
>
> Here, the district court recognized that Mr. Sullivan could not premise his claims on the denial of treatment because he would not be "otherwise qualified" for treatment absent his medical condition.
>
> * * * *
>
> Last, Mr. Sullivan suggests the district court erred in rejecting his medical malpractice claims under the ADA. The claims are based on his healthcare providers' alleged failure to properly diagnose and adequately treat his medical condition. The district court correctly observed, however, that these types of "purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act," *Fitzgerald*, 403 F.3d at 1144. The district court therefore correctly dismissed these claims.

*Id*. at 48–49.

Other circuits have reached the same conclusion. *See Wenzke v. Munoz*, 800 F. App'x 76, 79 (3d Cir. 2020) (affirming dismissal of the plaintiff's ADA claims because a lawsuit under the ADA cannot be based on medical treatment decisions); *Grant v. Alperovich*, 703 F. App'x 556, 557 (9th Cir. 2017) (affirming the district court's grant of summary judgment because the "assertion of discrimination in medical treatment decisions amounted to a claim of medical malpractice, rather than a claim of discrimination governed by the ADA"); *McGugan v. Aldana-Bernier*, 752 F.3d 224, 231–32 (2d Cir. 2014) ("[A] doctor may refuse to prescribe a particular treatment, which the disabled patient has requested, because of the doctor's assessment (based on an appraisal of the patient's medical condition) that the treatment would be harmful. The doctor's refusal is not discrimination in violation of the

4

> statute, even if the doctor's medical analysis is flawed. Such a decision may be malpractice, but it is not discrimination."); *Deweese v. Munyan*, 2021 WL 729097, at *4 (E.D. Ark. 2021) (stating that the Eighth Circuit has repeatedly held that claims under the ADA or Rehabilitation Act cannot be based on medical treatment decisions, including claims regarding the failure to give appropriate medication) (citations omitted).
>
> Plaintiff should show good cause why his ADA claim should not be dismissed based on the Tenth Circuit's reasoning in *Sullivan*.

(Doc. 10, at 9–11.)

Despite the Court's ruling in the MOSC, Plaintiff continues to assert his claims only under the ADA. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." *Id*. at 16. Plaintiff has failed to cure the deficiencies set forth in the MOSC. Therefore, this matter is dismissed for failure to state a claim based on the reasoning set forth in the MOSC. Because this case is being dismissed, Plaintiff's Motion to Appoint ADA Counsel (Doc. 13) is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint ADA Counsel (Doc. 13) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 20, 2025, in Kansas City, Kansas.**

>       S/ John W. Lungstrum
>       JOHN W. LUNGSTRUM
>       UNITED STATES DISTRICT JUDGE